# United States Court of Appeals
# for the Fifth Circuit

———————

United States Court of Appeals
Fifth Circuit

**FILED**
October 5, 2023

Lyle W. Cayce
Clerk

No. 23-20043

———————

Jose Maria Daniel Gaytan Mendoza,

*Plaintiff—Appellant*,

*versus*

Alejandro Mayorkas, *Secretary, U.S. Department of Homeland Security*; Ur M. Jaddou; Carroll Wallace,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-4008

———————————————————

Before King, Willett, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Appellant Jose Maria Daniel Gaytan Mendoza appeals the district court's grant of Appellees' motion for summary judgment. Finding that the district court correctly held it lacks jurisdiction to review the denial of Mendoza's application for adjust, we AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20043

Mendoza, a citizen of Mexico, first entered the United States in 1995. He returned to Mexico in 2005. When he attempted to reenter the United States in November 2005, he showed his school ID and claimed to be a United States citizen. He was permitted entrance.

In 2015, after marrying a United States citizen, Mendoza filed an application to adjust his residency status to permanent resident. His application was denied because of his false representation of citizenship in November 2005.

After exhausting other avenues of relief, Mendoza filed a complaint against the Department of Homeland Security (DHS) and U.S. Citizenship and Immigration Services (USCIS) (the Defendants) in the Southern District of Texas, seeking review of USCIS's action, a declaratory judgment that USCIS acted arbitrarily, capriciously, and not in accordance with the law when it denied his application, and relief under the Administrative Procedure Act (APA) to compel USCIS to reopen and adjudicate his application by applying the proper legal standard. The Defendants moved for summary judgment, which the district court granted, and Mendoza timely appealed.

The district court held that it lacked jurisdiction to review the denial of Mendoza's application for adjustment. It concluded that 8 U.S.C. § 1242(a)(2)(B) barred judicial review because the decision to deny Mendoza an adjustment of his status to permanent resident was a discretionary decision under 8 U.S.C. § 1255(a). It further concluded that § 1252(a)(2)(D)'s exception, preserving judicial review for constitutional claims and questions of law, did not apply.

On appeal, Mendoza argues that (1) the denial of his application was not discretionary such that § 1252(a)(2)(B) does not bar judicial review and

2

(2) even if § 1252(a)(2)(B) applies, his case falls within the § 1252(a)(2)(D)'s exception for constitutional claims and questions of law.

We review a grant of summary judgment *de novo*. *Hudson v. Lincare, Inc.*, 58 F.4th 222, 228 (5th Cir. 2023). Under § 1255, the Attorney General has discretion to adjust the status of a noncitizen that is "admissible" under 8 U.S.C. § 1182. *See* § 1255(a) ("The status of any alien . . . may be adjusted by the Attorney General, in his discretion. . . ."). A noncitizen who falsely represents his citizenship is deemed inadmissible. *See* §§ 1182(a)(6)(C)(ii), 1182(i).

As the district court found, § 1252(a)(2)(B) bars judicial review of Mendoza's claims. In *Patel v. Garland*, the Supreme Court confronted similar facts in which a noncitizen sought adjustment of status in removal proceedings under § 1255 but was denied for previously falsely stating that he was a U.S. citizen. 142 S. Ct. 1614, 1619-20 (2022). In determining that judicial review was barred, the Supreme Court held that § 1252(a)(2)(B)(i) "prohibits review of *any* judgment *regarding* the granting of relief under § 1255 and the other enumerated provisions. . . . Here, 'any' means that the provision applies to judgments 'of whatever kind' under § 1255, not just discretionary judgments or the last-in-time judgment." *Id.* at 1622. Thus, the denial of Mendoza's status adjustment under § 1255 triggers § 1252(a)(2)(B)'s bar for judicial review.

Mendoza's claim is not saved by the exception in § 1252(a)(2)(D), which preserves jurisdiction for courts of appeal to consider constitutional claims and questions of law raised in petitions for review. The statute states:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon

No. 23-20043

> a *petition for review filed with an appropriate court of appeals* in accordance with this section.

8 U.S.C. § 1252(a)(2)(D) (emphasis added). Though Mendoza raises a legal issue about scienter, this case does not involve a petition for review.[1] Mendoza did not file his action directly in the Fifth Circuit to contest a decision by the BIA. Instead, he filed a complaint directly in the district court against DHS and USCIS under the APA. Thus, by its plain text, § 1252(a)(2)(D)'s exception does not apply.

AFFIRMED.

---

[1] Multiple courts have held that similar suits are not petitions for review and that § 1252(a)(2)(D) does not preserve jurisdiction in district courts. *See, e.g., Ike v. USCIS*, No. 3:21-CV-2320-D, 2022 WL 2078214, at *1-2 (N.D. Tex. June 9, 2022) (civil suit involving the APA and other causes of action filed in district court); *U.S. ex rel. Vaso v. Chertoff*, 369 F. App'x 395, 402 (3d Cir. 2010) (unpublished) (same); *Ajlani v. Chertoff*, 545 F.3d 229, 235 (2d Cir. 2008) ("While the statute creates an exception for 'constitutional claims or questions of law,' *see id.* § 1252(a)(2)(D), jurisdiction to review such claims is vested exclusively in the courts of appeals. . ..."); *Easwarankudyil v. Hazuda*, No. 3:13-CV-4166-P, 2014 WL 11498059, at *3 (N.D. Tex. May 19, 2014), *aff'd*, 600 F. App'x 254 (5th Cir. 2015) ("[T]his Court is not the proper place to raise a review of constitutional claims or questions of law. Rather, § 1252(a)(2)(D) provides that constitutional claims or questions of law may be reviewed upon a 'petition for review filed with an appropriate *court of appeals*.'").